IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| MAURICE DAVIS, | CASE NO. 5:14-cv-04344 EJD |
|---|---|
| Plaintiff(s), | **ORDER DISMISSING CASE** |
| v. | |
| FOOTHILL COLLEGE, et. al., | |
| Defendant(s). | |

Plaintiff Maurice Davis ("Plaintiff") initiated the instant action on September 26, 2014, against Defendants Foothill College, Elizabeth Barkley, Mark Anderson, Patricia Hyland, Kimberly Messina, Linda Thor and Judy Minor (collectively, "Defendants") for relief related to his enrollment and status at Foothill College. See Docket Item No. 1.[1]

As is its obligation, the court has reviewed the Complaint to determine whether Plaintiff has included allegations sufficient to establish federal jurisdiction and has been guided by the principles that govern such an inquiry. See Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013). In doing so, the court is mindful that "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of America, 511 U.S. 375, 377 (1994). Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. See 28 U.S.C. §§ 1331, 1332. For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28

---

[1] Although not titled as such, the court has construed the initiating document as a Complaint.

1

United States District Court
For the Northern District of California

1  (1983)). For diversity, federal courts have original jurisdiction where (1) opposing parties are
2  citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

3  Jurisdictional allegations in a Complaint are important because "[a] party invoking the
4  federal court's jurisdiction has the burden of proving the actual existence of subject matter
5  jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). To that end, Federal Rule
6  of Civil Procedure 8 requires the plaintiff to provide "a short and plain statement of the grounds for
7  the court's jurisdiction." It also requires "a short and plain statement of the claim showing that the
8  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

9  Here, the Complaint does not a "short and plain statement" describing the grounds for federal
10 jurisdiction. In addition, a federal question is nowhere identified in the Complaint, and the court is
11 unable to discern from the nature of the allegations exactly what federal question could arise from
12 the conduct attributed to Defendants. Moreover, jurisdiction cannot be based on diversity of the
13 parties since the allegations suggest that Plaintiff and Defendants are California domiciles.
14 Accordingly, the court cannot proceed further based on the Complaint in its present form.[2] Ex Parte
15 McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868) ("Without jurisdiction the court cannot
16 proceed at all in any cause.").

17 Based on the foregoing, this action is DISMISSED WITHOUT PREJUDICE for lack of
18 subject matter jurisdiction. All other pending matters are TERMINATED. The Clerk shall close
19 this file.

20 **IT IS SO ORDERED.**

22 Dated: September 29, 2014

EDWARD J. DAVILA
United States District Judge

---

[2] Plaintiff does suggest in the Complaint that Defendants denied him due process. But to the extent Plaintiff intended to assert a violation of the Fourteenth Amendment, he has not specified the requisite state action necessary to support such a claim. See Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). Thus, even if jurisdiction were assumed, the court would dismiss this case under 28 U.S.C. § 1915(e)(2) because Plaintiff, who as applied to proceed in forma pauperis, has failed to state a claim.

2
CASE NO. 5:14-cv-04344 EJD
ORDER DISMISSING CASE